IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KIMBERLY AGUILAR, | ) | |
| Plaintiff, | ) | Civil Case No. 07-1708-KI |
| vs. | ) | OPINION AND ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration, | ) | |
| Defendant. | ) | |

Rory Linerud
P. O. Box 1105
Salem, Oregon  97308

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Kimberly Aguilar brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying in part plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I affirm the decision of the Commissioner.

## BACKGROUND

Plaintiff filed an application for SSI and DIB on April 29, 2004.  The applications were denied initially and upon reconsideration.  After a timely request for a hearing, plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ") on November 15, 2006.

On February 21, 2007, the ALJ issued a decision finding that plaintiff was disabled within the meaning of the Act from May 24, 2004 through February 27, 2006, but was not entitled to benefits from her alleged onset date of disability of November 15, 2002, or after February 27, 2006.  This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ on October 26, 2007.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

Page 3 - OPINION AND ORDER

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

The Commissioner has established a multi-step sequential evaluation process for determining if an individual's disability has ceased. 20 C.F.R. §§ 404.1594(f), 416.994(b). The steps for SSI are: (1) whether the individual has an impairment which meets or equals the severity of a listed impairment; (2) whether there has been medical improvement; (3) whether the medical improvement is related to the ability to work; (4) if there has been no medical improvement, or if the medical improvement is not related to the ability to work, whether an

exception to the medical improvement standards apply; (5) whether the individual has a severe impairment or combination of impairments; (6) whether the individual can do past relevant work; and (7) whether the individual can perform other work in the national economy in light of his or her age, education, and work experience.  Determination of whether a person's entitlement to DIB has ended includes an eighth step to consider substantial gainful activity.

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found plaintiff has the following severe impairments:  diabetes mellitus, hepatitis C that has been treated with interferon, reactive airway disease, morbid obesity, a history of super ventricular tachycardia that has been treated with ablation therapy, and a history of iron deficiency/anemia that has been treated.  However, the ALJ did not find that these impairments met or medically equaled the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations.

The ALJ concluded that plaintiff had the residual functional capacity to perform a reduced range of light exertional work.  She was limited to lifting 20 pounds occasionally and 10

pounds frequently; could stand/walk for no more than 10 minutes and could be on her feet for two hours in an eight-hour day; she could walk for one block; and she could occasionally climb ramps or stairs.  The ALJ determined that plaintiff did not have the residual functional capacity to work a regular workday from May 24, 2004 through February 27, 2006 as a result of the interferon treatment, tachycardia, and severe anemia, and that she could not have performed her past relevant work or other work in the national economy.

Plaintiff could, however, perform her past relevant work as a secretary prior to May 24, 2004, and could work as a document preparer, appointment scheduler, and sorter prior to May 24, 2004.  The ALJ also concluded that plaintiff's disability ended February 28, 2006, after her interferon treatment had concluded.  She was able to perform her past relevant work as a secretary and could perform other work in the national economy, including document preparer, appointment scheduler, and sorter.

## FACTS

Plaintiff, born in 1967, alleges disability beginning November 2002, due to leg swelling, skin cracking, pain when sitting, hepatitis C, low back pain, pain in her knees, ankles, and hips, lightheadedness, depression, panic attacks, and memory problems.  Plaintiff graduated from high school.  She has worked as a home attendant, secretary and news delivery worker.

Plaintiff has been diagnosed with hepatitis C; depression; hypertension; diabetes mellitus; anemia; staff skin infections; obesity poorly controlled; supraventricular tachycardia; sleep disturbance; stress incontinence; pleurisy; L4-5 bulge; moderate L5-S1 facet joint neural foraminal narrowing; proteinuria and dependent leg edema.

# DISCUSSION

I. <u>Period of Time Prior to May 24, 2004</u>

The Commissioner does not present any argument in support of the ALJ's conclusion that plaintiff was not disabled prior to May 24, 2004. Plaintiff argues that she testified that she was unable to work as a secretary due to edema in her lower legs, and that the ALJ failed to consider her testimony. In addition, although the ALJ properly considered obesity to be a severe impairment, he did not include related limitations in the RFC such as pain and fatigue.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." <u>Id.</u>

The ALJ's conclusion that plaintiff's edema was not as debilitating as she described, for the period prior to May 24, 2004, is supported by substantial evidence. The ALJ noted that in emergency room visits throughout 2003 edema was not observed on physical exam.

As for plaintiff's obesity, the ALJ relied on the reports of non-examining state agency physicians Sharon Eder, M.D., and Martin Lahr, M.D., to conclude that plaintiff's obesity was a

severe impairment that would limit her to a reduced range of light exertional work. Plaintiff does not point to any evidence of functional limitations due to obesity beyond those found by Drs. Eder and Lahr. See Burch v. Barnhart, 400 F.3d 676, 684 (9th Cir. 2005) (no evidence addressing limitations due to obesity and ALJ adequately addressed in RFC).

The ALJ's conclusion that plaintiff was not disabled prior to May 24, 2004 is supported by substantial evidence in the record.

II.     Period of Time Subsequent to February 28, 2006

Plaintiff argues that the ALJ failed to develop the record regarding her lower leg swelling and that the ALJ improperly determined that plaintiff's swelling could be treated with compression stockings without citing to a medical source. In addition, she argues that there was no medical evidence about the plaintiff's edema following the interferon treatment and there were conflicting reports about the cause of the edema, creating the need for development of the record. Plaintiff additionally argues that no medical evidence supports the ALJ's conclusion that interferon treatment should have allowed plaintiff to reach pre-hepatitis treatment capacities. Finally, plaintiff argues the ALJ erred in evaluating plaintiff's obesity.

Plaintiff fails to address the different criteria applicable to the ALJ's conclusion that plaintiff's disability ceased February 27, 2006. It is plaintiff's burden to show that her disability did not cease and a finding that it did cease must be supported by substantial evidence of medical improvement related to plaintiff's ability to work. 20 C.F.R. §§ 404.1594, 416.994. Here, contrary to plaintiff's argument that no medical evidence supports the ALJ's conclusion that plaintiff's hepatitis was treated, the ALJ relied on the report of treating physician David Phillips, M.D., six months after the treatment, that plaintiff had a 99% chance of being free from the virus

forever.  Substantial evidence supported the ALJ's conclusion that plaintiff's hepatitis had been successfully treated.

As for her leg swelling, the medical evidence indicates it was no longer a disabling impairment regardless of its cause.  She had no edema in March 2006.  Plaintiff did not complain about it when she went to the emergency department on April 11, 2006.  In fact, she denied any problems other than the rib pain she experienced when she tripped.  In addition, when plaintiff complained about "some swelling in the legs" on June 13, 2006, Dr. Phillips recommended taking iron, which she neglected to do.  A claimant is required to follow treatment prescribed by a physician.  20 C.F.R. §§ 404.1530(a), 416.930(a).  Relatedly, although the ALJ cites to no medical evidence recommending the use of compression stockings, plaintiff herself testified that compression stockings had been recommended and that she concluded on her own that they were not helpful.  Furthermore, on June 21, 2006, plaintiff reported swelling for a "few weeks," which was reduced with elevation of her legs.  Tr. 295.  Her treating physician, David A. Knowlton, M.D., noted no edema in August, September or October, 2006.  As a result, substantial evidence supported the ALJ's conclusion that plaintiff's leg swelling had improved.

Given this medical evidence, the ALJ had no duty to develop the record further.  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ must supplement the record if:  (1) there is ambiguous evidence; (2) the ALJ finds that the record is inadequate; or (3) the ALJ relies on an expert's conclusion that the evidence is ambiguous).

As for plaintiff's obesity, as I indicated above, the ALJ considered plaintiff's obesity and relied on the medical opinions of Drs. Eder and Lahr to conclude that she could perform light exertional work.

Page 9 - OPINION AND ORDER

The ALJ's conclusion that plaintiff was not disabled as of February 28, 2006 is supported by substantial evidence in the record.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this         5th         day of January, 2009.


        /s/ Garr M. King
        Garr M. King
        United States District Judge